UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| KARL F. HELLER, JR., ) | CASE NO. 1:07 CV 2391 |
| ) | |
| Plaintiff, ) | |
| ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. ) | |
| ) | |
| DREW A. CARSON, et al., ) | |
| ) | MEMORANDUM OF OPINION |
| Defendants. ) | AND ORDER |
| ) | |

On August 3, 2007, pro se plaintiff Karl F. Heller, Jr. filed the above-captioned in forma pauperis complaint against former Cleveland [Ohio] Law Department employee Drew A. Carson, as well as the City of Cleveland Law and Demolition Departments. Mr. Heller alleges "RICO and repeated wire-fraud actions" against the defendants as well as violations of his rights under the Fourteenth Amendment of the Constitution. He seeks damages totaling $865 million.

*Background*

Mr. Heller first refers to a case he filed in this court four years ago. Heller v. City of Cleveland, et al., No. 1:03cv2092 (N.D. Ohio filed Oct. 13, 2003)(Polster, J.) After a review of that action, he maintains that the court will "be able to Instanter find City-Replevin of all Lake Front

Walk/Evergreen Place Properties."[1] (Compl. at 4.) Notwithstanding the fact that no pleadings were filed in the 2003 case other than a court order to amend the complaint, for which Mr. Heller was granted an extension, the court granted his request for leave to dismiss the action without prejudice on November 26, 2003.

The present action is a myriad of conclusory allegations regarding the possible theft of a Kodak camera and plaintiff's demolished residence. He makes general allegations that Mr. Carson "promulgated Wire- and Mail Frauds, and conspired with City of Cleveland Law Department to prevent Criminal prosecution." (Compl. at 2-3.) These allegations appear to stem from Mr. Heller's contention that property he allegedly owned was demolished without a demolition permit. The remaining fragments of the complaint are too disjointed to even paraphrase any plausible allegations.

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v. Williams, 490 U.S. 319

---

[1] On October 14, 2003, Mr. Heller filed a civil rights action against Drew Carson, the City of Cleveland and Niagara Homes complaining of an incident related to the present action. The court subsequently granted his motion to dismiss the complaint without prejudice on November 26, 2003. Heller v. City of Cleveland, et al., No. 1:03cv2092 (N.D. Ohio filed Oct. 13, 2003)(Polster, J.)

[2] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222,
(continued...)

(1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

*Lack of Subject Matter Jurisdiction*

Federal courts are always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231(1990) and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Based on the claims alleged, this court lacks subject matter jurisdiction over Mr. Heller's complaint.

There is no statement or reference in the complaint that sets forth this court's jurisdiction over the matter. Principles requiring generous construction of pro se pleadings are not without limits, and district courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett v. City of Hampton, 775 F.2d 1274, 1277-78 (4th Cir. 1985). To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.

Mr. Heller's allegations of RICO violations, mail fraud and trespass are simply declarations. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (A pleading will not

---

(...continued)
224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

be sufficient to state cause of action under Civil Rights Act if its allegations are but conclusions).

Accordingly, plaintiff's Motion to Proceed <u>in forma pauperis</u> is granted and this action is dismissed under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.


S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT COURT


October 18, 2007

---

[3] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.